# EXHIBIT "A"

**General Civil and Domestic Relations Case Filing Information Form**

✒ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2021000649**
3091

JUN 22, 2021 08:40 PM

☑ **Superior** or ☐ **State Court of** _Dougherty_ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** 06-22-2021 | **Case Number** SUCV2021000649 |
| **MM-DD-YYYY** | *Evonne S. Mull, Clerk*<br>*Dougherty County, Georgia* |

**Plaintiff(s)**

| | | | | |
|---|---|---|---|---|
| GREEN, JAMES Mr. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| MATHIS, TYRESE | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| | | | | |
|---|---|---|---|---|
| JACKSON, LATAEVIA S Mr. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| MOORE, THOMAS J Mr. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** LONG, VICTOR  **Bar Number** 456950  **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

# SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2021000649**
3091
**JUN 22, 2021 08:40 PM**

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2021000649</u>

GREEN, JAMES Mr.
MATHIS, TYRESE

---

**PLAINTIFF**

**VS.**

JACKSON, LATAEVIA S Mr.
MOORE, THOMAS J Mr.

---

**DEFENDANTS**

## SUMMONS

TO: MOORE, THOMAS J MR.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **VICTOR LONG**
> **C. VICTOR LONG**
> **POST OFFICE BOX 310928**
> **4995 ERIN RD.**
> **ATLANTA, Georgia 30331**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2021.**

Clerk of Superior Court

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

⚜ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2021000649**
3091
**JUN 22, 2021 08:40 PM**

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

CIVIL ACTION NUMBER  <u>SUCV2021000649</u>

GREEN, JAMES Mr.
MATHIS, TYRESE

_____

**PLAINTIFF**

**VS.**

JACKSON, LATAEVIA S Mr.
MOORE, THOMAS J Mr.

_____

**DEFENDANTS**

**SUMMONS**

TO: JACKSON, LATAEVIA S MR.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **VICTOR LONG**
> **C. VICTOR LONG**
> **POST OFFICE BOX 310928**
> **4995 ERIN RD.**
> **ATLANTA, Georgia 30331**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 22nd day of June, 2021.**

Clerk of Superior Court

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2021000649**
3091
JUN 22, 2021 08:40 PM

*Evonne S. Mull*
Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

| | |
|---|---|
| | ) CIVIL CASE |
| JAMES ANTWOHN GREEN and | ) FILE #_____ |
| TYRESS | ) |
| DONTAE MATHIS | ) |
|    Plaintiffs, | ) COMPLAINT (42 U.S.C. 1983 and |
| vs. | ) |
| | ) PENDANT STATE LAW CLAIMS |
| OFFICER LATAEVIAS JACKSON, in | ) JURY DEMAND |
| his individual and Professional capacity | ) |
| as a Police Officer for Albany Georgia | ) |
| Police Department; | |
| | |
| OFFICER THOMAS J. MOORE, in his | |
| individual and Professional capacity as | |
| a Police Officer for Albany Georgia | |
| Police Department and | |
| | |
| JOHN DOE(1-5) Albany Police | |
| Officers  unknown to the Plaintiffs at | |
| this time, | |
| Defendants._____ | |

## COMPLAINT

## COMPLAINT FOR ASSAULT, BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MALICIOUS PROSECUTION & 1983

Comes Now, Plaintiffs, James A. Green and Tyress Mathis, through and by

their attorneys C. Victor Long and Kamau Mason and files their complaint against

the named Defendants and shows as follows:

## JURISDICTION AND VENUE

1

This Honorable Court has jurisdiction and venue over the subject matter and the named parties herein, and Plaintiffs' Complaint. Defendants are located in the state of Georgia DOUGHERTY COUNTY

The City of ALBANY and its Officers are located in DOUGHERTY County, Georgia the Municipality is a political subdivision of the Georgia State Government, which governs DOUGHERTY County, under authority, granted it by the Georgia Constitution, Articles VIll, & 5 et seq. et seq. It has the duty to comply with all constitutional and statutory laws (state and federal) laws.  Additionally, the incidents took place in ALBANY, Georgia.

<u>PROCEDURAL REQUIREMENTS</u>

2

Pursuant to O.C.G.A. 36-11-1, Plaintiffs though counsel, served an Ante Litem Notice upon Defendants ; sent by certified mail.  However, Federal Claims pursuant to 1983 do not require that an Ante Litem Notice be sent prior to filing.

Additionally, according to [Georgia Supreme Court decision](), WEST v. CITY OF ALBANY et al. S16Q1881 Decided: March 06, 2017 the notice law applies to claims where the cause of action is negligence, which isn't generally applicable to most police misconduct cases.

Citing to WEST, "OCGA § 45-1-4 (a) (5). If, as the City argues, the reference to "negligence" in OCGA § 36-33-5 (b) does not limit the type of injury referenced

in subsection (a) of that code section, such a construction would require this Court to expand the plain language of subsection (b) to read: "and the negligence which caused the injury, if any," or "and, with respect to injuries caused by negligence, the negligence which caused the injury." The General Assembly did not draft the language of the statute in this manner, and we will not construe the statute as if it did. See Pandora Franchising, LLC v. Kingdom Retail Group, LLLP, 299 Ga. 723, 789 (1) (a) (791 SE2d 786) (2016). In City of Statesboro v. Dabbs,[7] this Court held the plain language of the municipal ante litem notice statute demonstrates it applies to tort claims involving personal injury or property damage, and did not apply to a claim for violation of the Open Meetings Act.

Here, we state further that the statute's plain language demonstrates it applies only to damages caused by negligence, not intentional acts. The City argues that such an interpretation is inconsistent with this Court's holding in City of Statesboro v. Dabbs, id., in which we stated it is clear from the plain text of the municipal ante litem notice statute that it "applies to tort claims regarding personal injury or property damage." But in the Dabbs case, we were drawing a distinction between the types of claims covered by the statute according to its plain language and a claim for violation of the Open Meetings Act. We were not asked to consider whether the statute applied only to claims for negligence.[8] Additionally, a comparison of the municipal ante litem notice statute with the pre-suit notice

statute applicable to claims against the state reveals a significant characteristic of those statutes.

The municipal ante litem notice statute and the state ante litem notice statute both are limited to certain claims. The statute applicable to claims against municipalities requires the claimant to state "the negligence which caused the injury." OCGA § 36-33-5. While the ante litem notice statute applicable to claims against the state contains no reference to "negligence," it applies instead to "tort" claims. See OCGA § 50-21-26 (a). The claimant is required to state, among other things, "[t]he acts or omissions which caused the loss." OCGA § 50-21-26 (a) (5) (F). We must presume the General Assembly's use of limiting language to define the type of claims included in these ante litem statutes relating to different governmental entities was a matter of considered choice. See Pandora Franchising, LLC, supra, 299 Ga. at 789 (1) (a).  Id.

## NATURE OF ACTION

3

Plaintiffs file this Complaint to recover damages suffered when Defendants, employees and agents unlawfully restrained, breached ministerial duties, omissions and [said]defendant employees, staff and faculty breached their ministerial duties. The noted issues fall within 42 U.S. Code § 1983.Civil action for deprivation of rights.  Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Plaintiff asserts both individually and in the aggregate claims against State Actors for violations of Civil Rights Protected under Section 1983 for Procedural Due Process Rights Violations, Substantive Due Process Rights Violations, 4th Amendment Search, Seizure and Excessive Force Violations, 14th Amendment Due Process Rights Violations and Violations of the Equal Protections Clause.

Plaintiffs also file this Complaint to recover economic losses sustained by Plaintiffs as a direct and proximate result of physical and mental injuries sustained and medical and other expenses incurred.

5

Finally, plaintiffs file this Complaint for compensatory and for punitive damages from individual Defendants for their egregious and illegal behavior; and whereas Plaintiffs can prove by clear and convincing evidence that Defendants' actions and omissions and failure(s) to act, showed willful misconduct, malice, fraud, wantonness, oppression, or with complete disregard of care under the referenced circumstances, and raise the presumption of conscious indifferences to consequences.

6

All individual Defendants are served in their personal capacity and official capacities; acts and/or omissions of individual Defendants in their official capacity are encompassed in claims made against Municipal and Corporate Defendants.

## PARTIES

7.

PLAINTIFF James A. Green is a citizen of the State of Georgia and resides in Albany, Ga. where the wrong occurred.

8.

PLAINTIFF Tyress D Mathis is a citizen of the State of Georgia and resides in

Albany, Ga. where the wrong occurred.

9.

DEFENDANT Officer Lataevia Jackson a police for Albany, Ga. Police

Department; whose address is 306 Tremont Ave; Albany, Ga. 31701

10.

DEFENDANT Officer Thomas Moore a police for the Albany, Ga. Police

Department, whose address is 306 Tremont Ave. Albany, Ga. 31701.

11.

A number of Officers who are here identified as "John Doe"; who are unknown to

the Plaintiffs at this time.

## Statement of Facts & Corresponding Tort Claim

| Statement | Exhibit |
|---|---|
| 12. On  08/21/ 2019 The Albany police received an emergency call concerning a shooting at 100 block of Lotus Dr.2007 E. Oglethorpe Blvd. | |
| 13. Upon their arrival they learned that a black male had been shot and was bleeding from the head. Upon further examination they learned that the victim's name was Darrius Battle. | |
| 14. The Officers observed surveillance cameras in the area where the victim reported that he had been shot. | |
| 15. The Officer Lataevia Jackson viewed the feed on the surveillance cameras in the area of the incident. Officer Jackson did not see either of the Plaintiffs on the Surveillance footage. | |
| 16. The victim was taken to Phoebe Putney Memorial hospital. | |

| | |
|---|---|
| 17. On 8/22/2019 Officer Billsby went to the hospital and got consent to do a GRS on Darrius' hands. | |
| 18. While at the hospital, Officer Billsby learned from Darrius that the guys who shot him had taken a picture together and it was on FaceBook. | |
| 19. In the present of Officer Billsby, Darrius pulled up several pictures on FaceBook on Officer Billsby's cell phone. | |
| 20. Darrius went to Kevius Anderson's FaceBook page and pointed out three men he said was in the vehicle during the shooting. | EX A |
| 21. Then Darrius said," Yes that look just like them, they all looked liked crack heads" | |
| 22. Darrius told Officer Billsby that he did not know the guys that shot him, but Kevius would know them because they were all GD'. | |
| 23. Officer Billsby logged the information he received from Darrius in evidence locker #2 and the conversation with Darrius was recorded. | |
| 24. On August 27, 2019, Officer Jackson learned from his canvassing the Facebook pictures that Darrius had pointed out, that the pictures Darrius identified were Tyress Mathis, James Green and Jaquaris Gatlin. | |
| 25. After companion the pictures that Darrius had picked out on FaceBook; Officer Jackson obtained a search warrant for Kevius Anderson's cell phone. | EX B |
| 26. On August 27, 2019, Officer Jackson caused warrants to be taken for the arrest of James Green, Tyress Mathis and Jaquaris Gatlin; based only on the pictures Battle picked out on FaceBook. | EX C |
| 27. On August 27, 2019, Officer Jackson prepared A BOLO for James Green, Tyress Mathis and Jaquaris and sent them to Ms. Banks to be given to the media.(See Attached exhibit (A)&(B) | EX D BOLO |
| 28. Albany Georgia, Police Department, 201 West Oglethorpe Blvd.  Albany, Georgia 31702.  (229) 431-2100. | |
| 29. FROM: Albany Police Department; Date: August 27, 2019 SUBJECT: Wanted Person (19-113728) The Albany Police Department's Investigations Division would like to solicit law enforcement assistance with locating the following person in regards to an outstanding warrant for a aggravated assault that took place at 100 Loftus Dr. His last | |

| | |
|---|---|
| known address is 505 S. Valenica Dr.<br>B/M James Antowhn green<br>DOB: /87<br>Height: 5'7<br>Weight: 130<br><br>Anyone who has information regarding this wanted person should call Crime Stoppers at (229) 436-TIPS or they can contact one of the following investigators at (229) 320-0794 or (229) 320-0797. | |
| 30. Officer Jackson issued similar BOLO(s) for Tyress D. Mathis (see exhibits B) | |
| 31. The BOLO(s) were sent to the WALB TV Station in Albany, Georgia on August 27, 2019. | |
| 32. ALBANY Police put on gloves and formed a triangle formation around Mr. Lewis. | |
| 33. WALB televised the BOLO(S) on August 27, 2019 at 2:45 PM and again on August 29, 2019 at 4:38 AM. | |
| 34. The story was reported by Jordan Barela of WALB. | |
| 35. The televised reporting added to its BOLO "All three suspects are considered armed and dangerous". This description was not listed in the BOLO(s). | |
| 36. On August 27, 2019, Brian Still, after hearing in the news about his son being wanted for aggravated assault; took Tyress to the LEC and surrender him. | |
| 37. While being interviewed by Officer Jackson, Tyress told Jackson that he did not have anything to do with the shooting and that he had been at home all day but for a short trip to the store and he had his cell phone with his all the time. | EX E |
| 38. During the interrogation, Tyress told Jackson that he did not go any place without his phone. He offered his phone to Jackson to PING his location at the time of the shooting incident. | EX F |
| 39. Jackson refused to take Tyress' cell phone to PING his location at the time of the shooting. However, he took Kevius Anderson's cell phone before he got a search warrant to PING his location at the time of the shooting.(See exhibit c). | |
| 40. On October 30, 2019, Officer Jackson contacted Darrius. During that conversation Darrius informed Jackson that he had been trying to get in touch with him. | |

| | |
|---|---|
| 41. Darrius told Jackson that James Green, Tyress Mathis and Jaquaris Gatlin were not the guys who shoot him. | EX G |
| 42. Darrius told Jackson that he had picked out the wrong guys. | |
| 43. Darrius told Jackson that he had been at the Sand Dunes last week and he had seen the guys that shot him. | |
| 44. After Darrius had told Jackson that the Plaintiffs were not the guys who had shot him; Jackson wrote in his file, "This case will remain active." | |
| 45. On October 22, 2019, Officer Jackson received the results of Plaintiff James Green's Facebook pages; from a search warrant he had caused to be issued on September 26, 2019. | |
| 46. Officer Jackson did not write in his report that he had find any evidence on James Green's Facebook pages that connected the Plaintiffs to the shooting incident that occurred on August 21, 2019, where Battle had been shot. | |
| 47. On November 15, 2019, Officer Thomas J. Moore and John Doe Officers presented themselves at James Green resident at 301 S. Shadowlawn Dr. Albany, Ga. | |
| 48. After a short period of time, Green surrender and was arrested without incident. None of the other residents were arrested. | EX H |
| 49. James Green was taken to and booked into the Dougherty County jail and was held for approximately 40 days. | |
| 50. Plaintiffs' case was Nolle Prosequi October 2019 | |
| 51. TYRESS DONTAE MATHIS turned himself in within ON August 27, 2019 | |
| 52. PLAINTIFFS' WARRANTS WERE DISMISSED ON JUNE 23rd, 2020. | EX I |

53. Section 1983 Against State Actors Acting Under Color of Law 42 U.S. Code § 1983.Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The Plaintiff asserts both individually and in the aggregate claims against State Actors for violations of Civil Rights Protected under Section 1983 for Procedural Due Process Rights Violations, Substantive Due Process Rights Violations, 4th Amendment Search, Seizure and Excessive Force Violations, 14th Amendment Due Process Rights Violations and Violations of the Equal Protections Clause.

## Count I

**Fourth [4th] Amendment Violations Under 1983 as to Each Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his**

**individual capacity and Professional capacity as a Police Officer for
Albany Georgia Police Department and JOHN DOE**

54. By its terms, the Fourth Amendment proscribes only unreasonable searches and seizures. Therefore, in order to sustain a claim for a violation of Fourth Amendment rights, including a claim that excessive force was used in connection with an arrest, a plaintiff must establish (1) that the officers on the scene "seized" him or her, and (2) that such seizure was unreasonable.

55. <u>The Plaintiffs assert that the above named Defendant did violate the 4th Amendment Rights of both Plaintiffs]</u>:

56. The Plaintiffs were detained without probable cause by ALBANY City Police Officers named in the above call of the case and within the statement of facts, as the Plaintiffs were noted as not being responsible for the shooting.

57. That the named ALBANY Police Officers did adopt false assertions in accusing, detaining and unlawfully arresting the Plaintiffs;

## **Count II**

## **Section 1983 4th Amendment Equal Protection Claim against the Named Defendants and City of ALBANY Police and its named**

**Officers Which has a Well-Established Pattern of Racially**

**Motivated Discriminatory Treatment Against African Americans.**

58. Plaintiffs exist within a Protected Class of Citizens as African American men and have a constitutional Right to Equal Protection under the Law.

59. At the moment when Officers were told that accused Plaintiffs were not responsible for the shooting, the named City Police Officers did conspire to continue the detentions, arrests and prosecutions based upon the RACE of the named Plaintiffs combined with the well established habits of detaining Black Men who "FIT THE DESCRIPTION."

60. The City of ALBANY and City of ALBANY Police has a well documented history of racial discrimination complaints that have been reported to the news in various platforms.

61. The Plaintiff's Equal Protection Rights were violated when detained without probable cause by ALBANY City Police Officers named in the above call of the case and within the statement of facts.

## Count III

**The Plaintiffs Claims for 4th Amendment Malicious Prosecution**

**against the Named City of ALBANY Police Officers as to Each**

**Defendant OFFICER LATAEVIAS JACKSON, in his individual**

**and Professional capacity as a Police Officer for Albany Georgia**

**Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE .**

62. Under Georgia law, malicious prosecution claims arise when one becomes the victim of a baseless civil lawsuit or criminal case. There are generally four factors necessary to bring a successful claim for malicious prosecution:

63. The Defendants (Jackson and Moore) or organization began or continued a criminal or civil legal proceeding against Plaintiffs (Green Mathis);

64. Without reasonable grounds or probable cause to believe the allegations of the proceeding,

65. With a purpose other than simply getting a judgment in the proceeding, and

66. The proceeding has terminated in your favor of the Plaintiffs..

69. That the named ALBANY City Police Officers did unlawfully arrest and detain the Plaintiff; and caused them to be malicious prosecuted after they Battle had told Jackson that the Plaintiffs were not the persons who shot him.

70 The Prosecution terminated in favor of the Plaintiffs as the DOUGHERTY County District Attorney's Office did Nolle Pros the matter in June 23, 2020.

## Count IV

## 14th Amendment Due Process Claim for False Arrest Against Named City of ALBANY Police Officers, as to Each Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE

71. A false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment's protection against deprivations of liberty without due process of law. When a police officer lacks probable cause to make an arrest, a plaintiff can make a false imprisonment claim based on the detention pursuant to the arrest. This type of claim is grounded in the Fourth Amendment's guarantee against unreasonable seizures. To state a false imprisonment claim, a plaintiff must establish: (1) the common law elements for false imprisonment — (a) intent to confine; (b) acts resulting in confinement; and © consciousness of the plaintiff of confinement or resulting harm; and (2) the imprisonment resulted in a violation of a plaintiff's Fourth Amendment rights.

72. That Defendant Jackson and Defendant Moore did detain and arrest and prosecute the Plaintiffs without probable cause;

73Plaintiffs were Falsely Imprisoned in violation of their 14th Amendment Rights and 4th Amendment Rights by the Defendants.

73. The Plaintiffs were aware of the Confinement;

74The Plaintiffs 4th and 14th Amendment rights were violated.

75The Plaintiffs were cleared of all charges.

## STATE BASED CLAIMS

## Count V

**State Based Claim for False Imprisonment Against City of ALBANY Police Officers, 1 Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE**

76. Under Georgia law, the tort of false imprisonment, sometimes called false arrest, happens when there is an arrest or "unlawful detention" of someone, for any length of time, where that person is deprived of his physical liberty. The existence of probable cause is not a complete

defense in a false-imprisonment case because, even if probable cause to believe a crime has been committed exists, a warrantless arrest would still be illegal unless it was accomplished under one of the "exigent" circumstances set out by law. Exigent circumstances include situations where an offense is committed in the presence of the officer or within the officer's immediate knowledge, the offender is trying to escape, or if there is likely to be a failure of justice absent an immediate arrest. So, unlike claims for malicious arrest or malicious prosecution, the false-imprisonment claim is not defeated by probable cause, or even by a lack of malice.

77. The act of false imprisonment may arise out of words, acts, gestures, which create a reasonable apprehension that force will be used if a person does not do as told. It is enough if these elements of restraint impact the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries.

78. Defendant LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police

Department and JOHN DOE did conspire to a False Imprisonment upon the Plaintiffs.

79.Plaintiffs were Falsely Imprisoned at the direction Each Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE

80. The Plaintiffs were aware of the Confinement at each phase of the False Imprisonment.

## Count VI

## .State Based Claim for Malicious Prosecution Against  as to Each Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE

81. Under Georgia law, a criminal prosecution that is pursued maliciously and without probable cause can create a civil cause of action. To state a claim for malicious prosecution, a plaintiff must show (1)

prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has damaged the plaintiff. Malice may be inferred from a lack of probable cause.

82. That the named ALBANY Police Officers did illegally detain, arrest and prosecute the Plaintiffs despite their knowledge of the Plaintiffs' Innocence;

83. The Plaintiffs was charged with several crimes and held for a considerable amount of time.

84. The Plaintiffs were cleared of all charges as the DOUGHERTY County District Attorney's Office chose to Nolle Prosse the matter.

## Count VII

**Intentional Infliction of Emotional Distress Against City of ALBANY Police Officers as to Each Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department and JOHN DOE**

85. The four elements which must be proved in order to sustain a claim of intentional infliction of emotional distress are: (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe. . . . [I]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Northside Hosp. v. Ruotanen.

86. Defendant OFFICER LATAEVIAS JACKSON, in his individual and Professional capacity as a Police Officer for Albany Georgia Police Department; OFFICER THOMAS J. MOORE, in his individual capacity and Professional capacity as a Police Officer for Albany Georgia Police Department did intentionally accuse, detain, unlawfully arrest and

prosecute the Plaintiffs in spite of their knowledge of the Innocence of the Plaintiffs; .

87. The conduct of Defendant Jackson and Defendant Moore was egregious and outrageous in nature;

88. The Plaintiffs have been impacted emotionally by being falsely accused of the shooting, the long days of false imprisonment and Malicious prosecuted..

## PRYER FOR RELIEF

67. WHEREFORE, Plaintiffs request compensatory and punitive damages relating to compensatory damages, punitive damages when applicable to deter the defendants from committing such future acts and damages related to past, present and future pain and suffering against all defendants in both their individual and official capacities and/ or a sum to be decided upon by the minds of enlightened jurors.

68. That this Court exercise jurisdiction over plaintiffs' claims;

      A. That plaintiffs have a jury trial on all counts;

      B. That judgment be entered in favor of Plaintiffs and against all Defendants jointly and severally for compensatory and punitive damages;

      C. That Plaintiffs recover attorneys' fees and litigation

expenses and costs associated with this action;

D. That this Court grant such other relief as may be just, equitable, and appropriate;

E. That Plaintiff's Counsel be allowed to amend [said] complaint as it relates to Georgia Statutes; matters at Law and introduce Parties to Litigation as parties through discovery,

Submitted this June 22, 2021

<u>C. Victor Long</u>
C. VICTOR LONG
Ga. bar No. 456950

P.O. Box 310928
Atlanta, Ga. 30331
404-349-4303 ph
attjud@bellsouth.net

<u>/s/ Kamau K. Mason</u>
Kamau K MASON
For the Plaintiff
GA BAR NO.: 823438

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia Ga. 30038
678.464.4618 phone
678.526.5310 fax
kkmasom@yahoo.com

**IN THE SUPERIOR COURT OF DOUGHERTY COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JAMES ANTWOHN GREEN and<br>TYRESS DONTAE MATHIS<br>    Plaintiffs,<br>vs.<br><br>OFFICER LATAEVIAS JACKSON,<br>in his individual and Professional<br>capacity as a Police Officer for<br>Albany Georgia Police Department;<br><br>OFFICER THOMAS J. MOORE, in<br>his individual and Professional<br>capacity as a Police Officer for<br>Albany Georgia Police Department<br>and<br><br>JOHN DOE(1-5) Albany Police<br>Officers  unknown to the Plaintiffs at<br>this time,<br>Defendants. | ) CIVIL CASE<br>) FILE #_____<br>)<br>)<br>) COMPLAINT (42 U.S.C. 1983 and<br>)<br>) PENDANT STATE LAW CLAIMS<br>) JURY DEMAND<br>)<br>)<br>) |

**PLAINTIFFS' REQUEST TO ADMIT**
**TO DEFENDANT JACKSON**

Comes now, named Plaintiffs and file their Requests for Admissions
To Defendant Jackson and shows as follows:

1. Please admit that on August 27, 2019, when you caused arrest warrants
   issued for the Plaintiffs James Green and Tyress Mathis, you were employed
   by the city of Albany, Ga. Police Department.

2. Please admit that on August 27, 2019, when you caused arrest warrants
   issued for the Plaintiffs, you were carrying out the business of the Albany
   Police Department.

3. Please admit that on August 27, 2019, when you caused arrest warrants issued for the Plaintiffs, you were acting under the color of law.

4. Please admit that on August 27, 2019, when you caused arrest warrants issued for the Plaintiffs, you were insured by an insurance policy carried by the City of Albany, Georgia. that covered its police Officers.

5. Please admit that you were the lead investigator in the investigation of the shooting that occurred on August 21, 2019; where Darrius Battle was shot.

6. Please admit that you seized Kevius Anderson's cell phone before a search warrant was issued for his phone.

7. Please admit that you seized James Green's cell phone because a search warrant was being or had been obtained in reference to getting his GPS location to see if he was in the area at the time Darrius was shot.

8. Please admit that you seized Tyress Mathis' cell phone because a search warrant was being or had been obtained in reference to getting his GPS location to see if he was in the area at the time Darrius was shot.

9. Please admit that Darrius informed you on September 30, 2019 that when he picked the Plaintiffs' pictures from a FaceBook page, he had picked the wrong guys.

10. Please admit that Darrius Battle told you on the same date that he had seen the guys who were in the car that shot him at the Sand Dune.

11. Please admit that you did not interview one witness that place either of the Plaintiffs in the area on the date and time that Battle was shot.

12. Please admit that you viewed surveillance footage that placed one or both of the Plaintiffs in the area, at the time and date Battle was shot.

13. Please admit that as the lead investigator of the Battle shooting case, you discussed the case with all of the supporting officers.

14. Please admit that you discussed the case with Officer Moore, before he arrested Plaintiff Green.

15. Please admit that you authorized Defendant Moore to arrest Plaintiff James Green on or before November 14, 2019

16. ..Please admit that you informed Defendant Moore, that Battle had informed you on September 30, 2019; that James Green was not the person who had shot him nor was he in the car.

17. Please admit that the only evidence you had connecting the Plaintiffs to the shooting of Battle was the pictures Battle pulled up on FaceBook.

18. Please admit that when you swore out the warrants for the Plaintiffs' arrest, you had not spoken to any witness that placed the Plaintiffs in the area and time where Battle had been shot.

19. Please admit that when you issued the BOLO(s) on August 27, 2019, you had not spoken to a witness who had placed the Plaintiffs in the area where Battle was shot.

20. Please admit at no time during the investigation of the case did you speak to one witness who connected the Plaintiffs with the type and color of vehicle Battle described the perpetrators were in.

21. Please admit that Kevius Anderson advised you that his cousin Coby drove a vehicle that fit the description of the vehicle that Darrius described.

22. Please admit that you filed a report of your investigation of Coby's whereabouts on the date and time Battle was shot, since you had information that he drove a car similar to the one Battle described.

23. Please admit that you have the names of each of the officers who worked on the Battle shooting case.

24. Please admit that the Battle shooting case has been solved and an accused or accuses have been arrested.

25. Please admit that the BOLO(S) you issued to other agencies on August 27, 2019 for the Plaintiffs advised them that the Plaintiffs has committed an offense of Aggravated assault.

26. Please admit that Ms. Banks were charged with sending the BOLO(s) to the requested agencies.

27. Please admit that you maintained an exact copy of what was sent to the requested agencies.

28. Please admit that ADA Tab Christopher Hunter spoke to you about dismissing the warrants before he dismissed them.

29. Please admit that after the warrants were dismissed, you informed agencies and the TV station that the warrants had been dismissed against the Plaintiffs.

30. Please admit that you informed the TV station that the Plaintiff were considered 'armed and dangerous'.

31. Please admit that on August 30, 2019 Taylor Bridges gave you a written statement about James Green's whereabouts on August 21, 2019.

32. Please admit that Erca Young gave you a written statement on October 17, 2019 about James Green's whereabouts on August 21, 2019.

33. Please admit that you did not PING James Green's phone to check his location at the time and place that Battle was shot.

34. Please admit that you did not PINK Tyrese Mathis' phone to check his location at the time and place that Battle was shot.


Submitted this June 21, 2021

C. Victor Long
C. VICTOR LONG
Ga. bar No. 456950

P.O. Box 310928
Atlanta, Ga. 30331
404-349-4303 ph
attjud@bellsouth.net

/s/ Kamau K. Mason
Kamau K MASON
For the Plaintiff

GA BAR NO.: 823438

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia Ga. 30038
678.464.4618 phone
678.526.5310 fax
kkmasom@yahoo.com

# IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| | ) **CIVIL CASE** |
| **JAMES ANTWOHN GREEN and** | ) **FILE #_____** |
| **TYRESS** | ) |
| **DONTAE MATHIS** | ) |
|   **Plaintiffs,** | ) **COMPLAINT (42 U.S.C. 1983 and** |
| **vs.** | ) |
| | ) **PENDANT STATE LAW CLAIMS** |
| **OFFICER LATAEVIAS JACKSON,** | ) **JURY DEMAND** |
| **in his individual and Professional** | ) |
| **capacity as a Police Officer for** | ) |
| **Albany Georgia Police Department;** | |
| | |
| **OFFICER THOMAS J. MOORE, in** | |
| **his individual and Professional** | |
| **capacity as a Police Officer for** | |
| **Albany Georgia Police Department** | |
| **and** | |
| | |
| **JOHN DOE(1-5) Albany Police** | |
| **Officers  unknown to the Plaintiffs at** | |
| **this time,** | |
| **Defendants.**_____ | |

## PLAITIFFS' FIRST REQUEST FOR INTERROGATORIES TO DEFENDANT JACKSON

      Comes Now, Plaintiffs through and by their attorneys of records and file their first request for Interrogatories to Defendant JACKSON and shows as follows:

1.

Please provide for each officer who assisted you in the investigation of the Plaintiffs' aggravated assault case the following:
      NAME
      RANK
      EMPLOYER
      PRESENT CONTACT INFORMATION

2.

Please provide the following information for each liability insurance policy you were covered by for conduct during your employment on August 27, 2019 and through your investigation of the Plaintiffs' aggravated assault charges.

      a. NAME OF POLICY
      b. INSURANCE AGENT NAME
      c. INSURANCE AGENT CONTACT INFORMATION
      d. POLICY LIMITS
      e. TERM OF POLICY
      f. POLICY NUMBER

3.

Please provide the following for any other liability insurance you were covered by on August 27, 2019 and during the time you investigated the Plaintiffs' aggravated assault charges.

      a. NAME OF POLICY
      b. INSURANCE AGENT NAME
      c. AGENT CONTACT NUMBER
      d. POLICY NUMBER

4.

Please explain in full detail what evidence you had that connected the Plaintiffs to the shooting of Battle when you filed for arrest warrants on August 27, 2019.

5.

Please explain in full detail why you authorized Officer Moore to arrest James Green after Battle had told you on October 30, 2019 that Green were not one of the persons who had shot him.

6.

Please explain in full detail what information you found on James Green FaceBook pages that connected James Green to the shooting of Battle on August 21, 2019.

7.

Please explain in full detail what information you found in James Green's FaceBook pages that connected Tyress Mathis to the shooting of Battle on August 21, 2019.

8.

Please explain in full detail on what surveillance footage in the area of the shooting did you find information that the Plaintiffs were in the area at the time and location where Battle was shot on August 21, 2019.

### 9.

Pease give the name and contact information of each witness that gave you information that they had seen one or both of the Plaintiffs in the area where Battle was shot on August 21, 2019.

### 10.

Please explain in full detail why you authorized Officer Moore to arrest James Green on November 14, 2019 after Battle had told you on October 30, 2019 that James Green was not one of the men who shot him.

### 11.

Please explain in full detail what new information you discovered between October 30, 2019 and November 14, 2019 that provided probable cause to arrest James Green ad to charge him with Aggravated Assault.

### 12.

Please explain in full details want evidence you discovered on James Green's cell phone that connected him to the shooting on August 21, 2019.

### 13.

Please explain in full detail when and how you requested the T.V. station to publish a corrective of their publication that they had made about the Plaintiffs having committed Aggravated Assault, after the warrants were dismissed by the ADA

Submitted this June 21, 2021

C. Victor Long
C. VICTOR LONG
Ga. bar No. 456950

P.O. Box 310928
Atlanta, Ga. 30331
404-349-4303 ph
attjud@bellsouth.net

/s/ Kamau K. Mason
Kamau K MASON
For the Plaintiff
GA BAR NO.: 823438

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia Ga. 30038
678.464.4618 phone
678.526.5310 fax
kkmasom@yahoo.com

# IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **JAMES ANTWOHN GREEN and TYRESS DONTAE MATHIS** <br>   **Plaintiffs,** <br> **vs.** | ) **CIVIL CASE** <br> ) **FILE #_____** <br> ) <br> ) <br> ) **COMPLAINT (42 U.S.C. 1983 and** <br> ) <br> ) **PENDANT STATE LAW CLAIMS** |
| **OFFICER LATAEVIAS JACKSON,** <br> **in his individual and Professional** <br> **capacity as a Police Officer for** <br> **Albany Georgia Police Department;** | ) **JURY DEMAND** <br> ) <br> ) |
| **OFFICER THOMAS J. MOORE, in** <br> **his individual and Professional** <br> **capacity as a Police Officer for** <br> **Albany Georgia Police Department** <br> **and** |  |
| **JOHN DOE(1-5) Albany Police** <br> **Officers  unknown to the Plaintiffs at** <br> **this time,** <br> **Defendants.**_____ |  |

## PLAINTIFFS REQUEST TO ADMIT TO  DEFENDANT MOORE

Comes Now Plaintiff and files their request to admit to Defendant Moore and shows as follows:

1. Please admit that on November 14, 2019, when you arrested James Green you were employed by Albany, Ga. Police Department.

2. Please admit that at the time you arrested James Green, you were acting under color of law.

3. Please admit that when you arrested James Green, you were carrying out the business of the Albany Police Department business

4. Please admit that when you arrested James Green, there were other officers with you.

5. Please admit that when you arrested James Green on November 14, 2019, you had been authorized by Defendant Jackson to make the arrest.

6. Please admit that you arrested James Green without incident.

7. Please admit that at the time you arrested James Green, you were aware that Battle had told Defendant Jackson on October 30, 2019 that James Green was not one of the person who had shot him.

8. Please admit that you arrested James Green knowing that he had told Defendant Jackson on October 30, 2019 that Green was not one of the persons who shot him.

9. Please admit that after you made the arrest of James Green you informed Defendant Jackson that Green had been arrested.

10. Please admit that you filed an incident report of your arrest of James Green.

11. Please admit that you reviewed the case file before you arrested James Green.

12. Please admit that before you arrested James Green, Jackson informed you that Battle told him that Green had nothing to do with the shooting.

13. Please admit that you were one of the officers assigned to investigation the Battle case.

14. Please admit that this is not the first accused you arrested; whose case was dismissed by the District Attorney.

15. Please admit that Officer Jackson told you what charges to file against Plaintiff James Green.

16. Please admit that the only involvement you had in the Battle case was the arrest of James Green.

17. Please admit that you have the names of each of the Officers that assisted you in arresting James Green.

18. Please admit that during your investigation of the Battle case, you did not interview any witness who placed the Plaintiffs in the area at the time and location where Battle said he was shot.

19. Please admit that in your investigation of the Battle case, you did not view any surveillance tape that placed James Green in the area at the time Battle said that he was shot.
20. Please admit that in your investigation of the Battle case, you did not view any surveillance tape that placed James Green in the area at the time Battle said that he was shot.

Submitted this June 21, 2021

C. Victor Long
C. VICTOR LONG
Ga. bar No. 456950

P.O. Box 310928
Atlanta, Ga. 30331
404-349-4303 ph
attjud@bellsouth.net

/s/ Kamau K. Mason
Kamau K MASON
For the Plaintiff
GA BAR NO.: 823438

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia Ga. 30038
678.464.4618 phone
678.526.5310 fax
kkmasom@yahoo.com

# IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| | ) **CIVIL CASE** |
| **JAMES ANTWOHN GREEN and** | ) **FILE #_____** |
| **TYRESS** | ) |
| **DONTAE MATHIS** | ) |
| **Plaintiffs,** | ) **COMPLAINT (42 U.S.C. 1983 and** |
| **vs.** | ) |
| | ) **PENDANT STATE LAW CLAIMS** |
| **OFFICER LATAEVIAS JACKSON,** | ) **JURY DEMAND** |
| **in his individual and Professional** | ) |
| **capacity as a Police Officer for** | ) |
| **Albany Georgia Police Department;** | |
| | |
| **OFFICER THOMAS J. MOORE, in** | |
| **his individual and Professional** | |
| **capacity as a Police Officer for** | |
| **Albany Georgia Police Department** | |
| **and** | |
| | |
| **JOHN DOE(1-5) Albany Police** | |
| **Officers unknown to the Plaintiffs at** | |
| **this time,** | |
| **Defendants.**_____ | |

## PLAINTIFFS' REQUEST OF PRODUCTION OF DOCUMENTS TO NAMED DEFENDANTS

Comes Now, Plaintiffs and files their Request for Production of Documents to all Defendants and shows as follows:

To Defendant Jackson

1. Please provide a copy of the sworn affidavit you filed to obtain arrest warrants for the Plaintiffs on August 27, 2019.

2. Please provide a copy of the BOLO you sent out to other agencies on or about August 27, 2019.

3. Please provide a copy of each written statement you received from persons giving statements about the whereabouts of James Green.

4. Please provide a copy of the new evidence that you discovered between October 30, 2019 when Battle told you that the Plaintiffs were not the one who shot him and November 14, 2019 connecting the Plaintiffs to the shooting of Battle.

5. Please provide a copy of each written statement given you by a witness that says that they saw one or both of the Plaintiffs in the area and at the time where Battle was shot on August 21, 2019.

6. Please provide a copy of the BOLO you issued of each of the Plaintiffs on or about August 27, 2019.

7. Please provide a copy of the notice you sent to any TV station about the charges of the Plaintiffs.

8. Please provide a complete copy of each insurance policy that covered you as a police officer on August 27, 2019.

9. Please provide a copy of the incident report Officer Moore prepared when he booked James Green into the Dougherty County jail.

10. Please provide each written statement Battle made for the police or any written statement of Battle about the case that the police obtained during their investigation.

11. Please provide a copy of each citizen complaint against Officer Jackson for misconduct in the line of duty since employed by Albany Police Department.

12. Please provide a copy of each citizen complaint against Officer Moore for misconduct in the line of duty since employed by Albany Police Department.


Submitted this June 21, 2021

C. Victor Long<br>
C. VICTOR LONG<br>
Ga. bar No. 456950

P.O. Box 310928
Atlanta, Ga. 30331
404-349-4303 ph

attjud@bellsouth.net

/s/ Kamau K. Mason
Kamau K MASON
For the Plaintiff
GA BAR NO.: 823438

The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia Ga. 30038
678.464.4618 phone
678.526.5310 fax
kkmasom@yahoo.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

**SUCV2021000649**
3091
**JUN 22, 2021 08:40 PM**

Evonne S. Mull, Clerk
Dougherty County, Georgia



Plaintiff Exhibit
Exhibit No.:
Name: A
Date:
ESQUIRE


Albany Police Department

OCA: *19013728*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*    Case Mng Status: *CLEARED BY ARREST*    Occurred: *08/21/2019*

Offense: *AGGRAVATED ASSAULT - FIREARM*

Investigator: *JACKSON, LATAEVIA S    (133249)*

Supervisor: *(0)*

Contact:

Date / Time: *08/27/2019 12:09:00, Tuesday*

Supervisor Review Date / Time: *NOT REVIEWED*

Reference: *Investigative Supplement*

---

Darrius pointed out the three guys to me again and stated once more that they were the guys that shot at him stating they were all GD's (Gangsta Disciples). After looking through all the pictures on Facebook and canvassing the area I was advised that the individuals that Darrius pointed out was Tyress Mathis, James Green and Jaquaris Gatlin.

I compared the picture that Darrius showed me to their Facebook and jail pictures and obtained a positive ID. A search warrant was taken for Kevius cellphone and
Warrant 19-013728-01APD, 19-013728-02APD, 19-013728-03APD was taken out for their (James, Jaquaris, and Tyress) arrest. A BOLO was done and sent to Ms. Banks to be given to the media and this case will remain active.

[08/27/2019 12:46, LAJACKSON, 354, APD]

Plaintiff Exhibit

Exhibit No.:

Name:

Date:

*B*

ESQUIRE

Investigator Signature                    Supervisor Signature

*Albany Police Department*                                    OCA: *19013728*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

**Case Status:**  *CLEARED BY ARREST*     **Case Mug Status:**  *CLEARED BY ARREST*     **Occurred:**  *08/21/2019*

**Offense:**  *AGGRAVATED ASSAULT - FIREARM*

---

**Investigator:**  *CHU, VY D     (1216102)*               **Date / Time:**  *08/27/2019 00:40:55, Tuesday*

**Supervisor:**  *MOORED, JOSEPH JOHN     (39415)*   **Supervisor Review Date / Time:**  *08/27/2019 08:24:51, Tuesday*

**Contact:**                                            **Reference:**  *Ncic Entry Or Removal*

---

The following wanted persons were entered into GCIC/ NCIC.

James Antwohn Green - W757659629
Jaquaris Martel Gatlin - W677683119
Tyress Dontae Mathis - W807640467

Plaintiff Exhibit
Exhibit No.:
Name:
Date:
ESQUIRE

Investigator Signature                              Supervisor Signature



CITY OF
*Albany*
GEORGIA

**Albany Police Department**
**201 West Oglethorpe Blvd**
**Albany, Georgia 31702**
**(229) 431-2100**

**TO:   All surrounding Agencies**          **BOLO**

**FROM: Albany Police Department**

**DATE: August 27, 2019**

**SUBJECT:  Wanted Person (19-013728)**

The Albany Police Department's Investigations Division would like to solicit law enforcement assistance with locating the following person in regards to an outstanding warrant for a aggravated assault that took place at 100 Loftus Dr. His last known address is 505 S.Valenica Dr.

**B/M James Antowhn Green**
**DOB:** ▓▓▓/87
**Height:** 5'7
**Weight:** 130

Anyone who has information regarding this wanted person should call Crime Stoppers at (229) 436-TIPS or they can contact one of the following investigators at (229) 320-0794 or (229) 320-0797.

Plaintiff Exhibit

Exhibit No.:
Name: D
Date:
ESQUIRE





Albany Police Department

OCA: *19013728*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*    Case Mng Status: *CLEARED BY ARREST*    Occurred: *08/21/2019*

Offense: *AGGRAVATED ASSAULT - FIREARM*

Investigator: JACKSON, LATAEVIA S    (133249)

Supervisor: *(0)*

Contact:

Date / Time: *11/01/2019 16:43:22, Friday*

Supervisor Review Date / Time: *NOT REVIEWED*

Reference: *Investigative Supplement*

On today 10/30/19 I contacted Darrrius in reference to coming to the LEC in reference to doing a photo-line up. Darrius informed me that he had been trying to get in touch with me because he made a mistake. I asked Darrius what did he mean and he said "The people that ya'll got on the news is the wrong people", I picked out the wrong guys". I asked Darrius was he sure and what changed his mind which he replied "I just know, I was at the Sand Dunes on last week and I saw the guys that shot me, they looked like they went to ASU". I asked Darrius how he could be so sure which he stated "Because I know they looked like Junkies they look like Albany State niggas".

I asked Darrius "Has anyone payed you or threaten your life", which he stated "Nah, if I saw them again I would know them, they looked like they went to ASU". I asked Darrius to come to the LEC on the following day 10/31/19 (1100hrs) to speak with me on camera and give me the same testimony which he said he would do.

On 10/31/19 I waited on Darrius which he never showed. This case will remain active.

[11/01/2019 16:45, LAJACKSON, 354, APD]  [11/01/2019 16:51, LAJACKSON, 354, APD]

Plaintiff  Exhibit

Exhibit No.:

Name:

Date:

ESQUIRE

Investigator Signature

Supervisor Signature

*Albany Police Department*

OCA: *19013728*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*     Case Mng Status: *CLEARED BY ARREST*

Offense: *AGGRAVATED ASSAULT - FIREARM*     Occurred: *08/21/2019*

Investigator: *JACKSON, LATAEVIA S     (133249)*     Date / Time: *09/06/2019 09:00:06, Friday*

Supervisor: *(0)*     Supervisor Review Date / Time: *NOT REVIEWED*

Contact:     Reference: *Investigative Supplement*

On today 8/27/19 Tyress Mathis was brought to the LEC by his father Brian Still to speak with me and to turn himself in. Tyress was placed into room B where an advice of Rights form (APD FORM NO 109) was signed and Tyress agreed to speak with me.

I advised Tyress that I was speaking with him on behalf of the shooting that took place at Burger King. I told Tyress that the victim Darrius provided me with a picture that was on Facebook with the shooters on it. The picture that I provided for Tyress did not have any identifiable marks on it and it was just a picture. I asked Tyress that if he saw himself on the picture to point himself out and afterwards to circle it.

Tyress circled himself in the picture which he had on a black shirt and black pants with his right arm up and his hand was in an L motion. The picture that Tyress circled was the same one that Darrius pointed out.

Tyress told me that he doesn't know any of the guys that are in the picture. Tyress stated the only reason that he's familiar with James because he has a baby by one of his cousins and advised me that he doesn't really know Jaquarius. Tyress told me that he was home all day but stated he didn't have anyone that could vouch for him. I asked him did the store have any cameras which he told me they did. I asked Tyress was he in a gang which he told me that he wasn't and he only took the picture because it was in memorial of a deceased friend Larry McCray. Tyress wouldn't claim the gang only stated he was affiliated with them and said he didn't know why the victim would pick him.

Tyress then went on to ask did we have any video footage of him being in the area at the time of the shooting, which I advised him that the victim picked him out from a picture he provided and the witness described his features. Tyress stated that he thinks people are trying to hate on him because he's doing good and trying to better himself. Tyress then told me that Darrius just picked out a random person because that wasn't him. Tyress informed me that he was home all day and his mother and his sister could vouch for him because he was home all day. Tyress told me that at the time of the shooting he was at home all day and his girlfriend Jamyia came and picked him up around 10 or 11 at night.

Tyress told me that he hadn't seen James or Jaquarius in a minute because he had been trying to get a job. Tyress continued to keep saying that he was at home all day and that if we PING his location we would find that he was home all day. Tyress advised me that he keeps his cellphone with him and he doesn't go anywhere without. I asked Tyress "Did he go anywhere on 8/21/19 and he stated "No" but then changed and said he did go to the store. I asked him did the store have any cameras which he told me they did. Tyress told me that he thinks he went to the store across from Mt. Zion earlier that day and that he walked to the store even though he had his grandmother's vehicle.

Jamyia Fletcher came to the LEC and advised that she wanted to give a written statement for Tyress Mathis. Jamyia

Investigator Signature     Supervisor Signature

Plaintiff Exhibit     Page 32
Exhibit No.:
Name:
Date:
ESQUIRE

Albany Police Department

OCA: **19013728**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*    Case Mng Status: *CLEARED BY ARREST*    Occurred: *08/21/2019*

Offense: *AGGRAVATED ASSAULT - FIREARM*

---

Investigator: *JACKSON, LATAEVIA S    (133249)*    Date / Time: *11/01/2019 16:43:22, Friday*

Supervisor: *(0)*    Supervisor Review Date / Time: *NOT REVIEWED*

Contact:    Reference: *Investigative Supplement*

---

On today 10/30/19 I contacted Darrrius in reference to coming to the LEC in reference to doing a photo-line up. Darrius informed me that he had been trying to get in touch with me because he made a mistake.

I asked Darrius what did he mean and he said "The people that ya'll got on the news is the wrong people", I picked out the wrong guys". I asked Darrius was he sure and what changed his mind which he replied "I just know, I was at the Sand Dunes on last week and I saw the guys that shot me, they looked like they went to ASU". I asked Darrius how he could be so sure which he stated "Because I know they looked like Junkies they look like Albany State niggas".

I asked Darrius "Has anyone payed you or threaten your life", which he stated "Nah, if I saw them again I would know them, they looked like they went to ASU". I asked Darrius to come to the LEC on the following day 10/31/19 (1100hrs) to speak with me on camera and give me the same testimony which he said he would do.

On 10/31/19 I waited on Darrius which he never showed. This case will remain active.

[11/01/2019 16:45, LAJACKSON, 354, APD]  [11/01/2019 16:51, LAJACKSON, 354, APD]

Plaintiff Exhibit

Exhibit No.:

Name:

Date:

ESQUIRE

---

Investigator Signature    Supervisor Signature

#234779

💲 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA
SUWT201900120
1197
JUN 23, 2020 12:10 PM

Evonne S. Mull, Clerk
Dougherty County, Georgia

## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
### STATE OF GEORGIA

STATE OF GEORGIA

v.

JAMES ANTOWHN GREEN

WARRANT NO. 1901372803 APD

## WARRANT DISMISSAL

For the reason(s) shown below, I have determined that the above-listed warrant(s) will not be prosecuted. Therefore, you may indicate on your warrant docket that the case has not been presented to Grand Jury. The District Attorney has no objection to the release of bond in this case. If the defendant is in custody, he/she may be released unless other charges are pending.

__XX__ Although there appears to have been sufficient evidence to issue a warrant, there is insufficient evidence to prove the case beyond a reasonable doubt.

__XX__ The victim has expressed no interest in further prosecution.

_____ The victim has failed to cooperate with the District Attorney's Office in the prosecution of this case.

_____ The defendant has pled guilty to other charges of _____

_____ An essential witness cannot be located.

_____ This case has been transferred to another Court for disposition.

_____ Other: _____

This 23rd day of June, 2020.

Tab Christopher Hunter
Assistant District Attorney
Dougherty Judicial Circuit

Prepared by:
Tab Christopher Hunter
Assistant District Attorney
Dougherty Judicial Circuit
State Bar of GA# 279099
225 Pine Avenue
P.O. Box 1827
Albany, GA 31701
Phone: 229-431-3233; Fax: 229-431-2167
Email: Thunter@Dougherty.ga.us

2020 JUN 24 AM 11:12

Plaintiff Exhibit
Exhibit No:
Name:
Date:
ESQUIRE

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
DOUGHERTY COUNTY, GEORGIA

SUCV2021000649
3091
SEP 16, 2021 02:14 PM

Evonne S. Mull, Clerk
Dougherty County, Georgia

IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
STATE OF GEORGIA

JAMES ANTWOHN GREEN and )
TYRESS DONTAE MATHIS, )
                                          )
        Plaintiffs,                       )        CIVIL ACTION
                                          )        FILE NO.: SUCV2021000649
v.                                        )
                                          )
OFFICER LATAEVIAS JACKSON, in his )
individual and official capacities, OFFICER )
THOMAS J. MOORE, in his individual and )
official capacities, and JOHN DOES (1-5) )
unknown Albany Police Officers, )
                                          )
        Defendants.                       )

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

COME NOW defendants Officer Lataevias Jackson and Officer Thomas Moore, in their

official and individual capacities, and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of

filing notice of removal within the time prescribed by law, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a notice

of removal in this action with the United States District Court for the Middle District of Georgia,

Albany Division.

2.

Attached hereto is a copy of the notice of removal that will be filed in the United States

District Court for the Middle District of Georgia, Albany Division.

FREEMAN MATHIS & GARY, LLP


_____/s/ Sun S. Choy_____
Sun S. Choy
Georgia Bar No. 025148
Sara E. Brochstein
Georgia Bar No. 446366

*Attorneys for defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL** using the PeachCourt e-filing system, which will send e-mail notification of such service to the attorneys of record below and by placing a copy of same in the U.S. Mail for delivery to non-PeachCourt users addressed as follows:

C. Victor Long
Post Office Box No. 310928
Atlanta, Georgia 30331

Kamau K. Mason
The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, Georgia 30038

This 16th day of September, 2021.

_/s/ Sun S. Choy_
Sun S. Choy
Georgia Bar No. 025148

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES ANTWOHN GREEN and<br>TYRESS DONTAE MATHIS, | ) )<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION |
| v. | )<br>) | NO. _____ |
| OFFICER LATAEVIAS JACKSON, in his<br>individual and official capacities, OFFICER<br>THOMAS J. MOORE, in his individual and<br>official capacities, and JOHN DOES (1-5)<br>unknown Albany Police Officers, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## NOTICE OF REMOVAL

COME NOW Officer Lataevias Jackson and Officer Thomas Moore and, pursuant to 28

U.S.C. §§ 1441 and 1446, file this notice of removal within the time prescribed by law, showing

the Court as follows:

1.

On June 22, 2021, plaintiffs filed a complaint against defendants in the Superior Court of

Dougherty County, Civil Action No. SUCV2021000649. Dougherty County is within the Albany

Division of the Middle District of Georgia.

2.

This notice is timely because it is being filed within 30 days of receipt of the initial pleading

or summons by defendants Jackson and Moore.  28 U.S.C. § 1446(b)(1).

3.

True and correct copies of all process, pleadings, and orders that have been electronically

filed and/or served in connection with this action, and of which defendants are aware, are attached

hereto as Exhibit A. Defendants have no knowledge of any other process, pleadings, or orders that have been electronically filed and/or served in connection with this action, other than those attached hereto.

4.

Venue is proper in the Middle District of Georgia because the cause of action arose in Dougherty County, which is within the Middle District of Georgia. This case is properly assigned to the Albany Division of the Middle District of Georgia because Dougherty County is within such division.

5.

This case involves claims of alleged false arrest, false imprisonment, and malicious prosecution of plaintiffs in 2019.

6.

Based on these allegations, plaintiff asserts federal law claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory damages in addition to attorney fees and litigation costs.

7.

This case is a civil action of which the Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 and is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1443 in that it is a civil action arising under the Constitutional and laws of the United States.

8.

In addition to having original jurisdiction over plaintiffs' constitutional claims brought pursuant to 42 U.S.C. § 1983, the Court would have supplemental jurisdiction over any state-law

claims plaintiffs purport to bring under 28 U.S.C. § 1367 because both sets of claims arise out of the same facts and circumstances such that they form part of the same case or controversy.

9.

Defendants certify that they have given notice of filing of this notice to plaintiffs and have filed a written notice with the Clerk of the Superior Court of Dougherty County, a copy of which is included in Exhibit A.

10.

The undersigned have read this notice, and to the best of their knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

FREEMAN MATHIS & GARY, LLP

_____/s/ Sun S. Choy_____
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Sara E. Brochstein
Georgia Bar No. 446366
sbrochstein@fmglaw.com

*Attorneys for defendants*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that I served the following attorneys of record by depositing a true and correct copy thereof in the United States mail, postage prepaid:

C. Victor Long
Post Office Box No. 310928
Atlanta, Georgia 30331

Kamau K. Mason
The Law Offices of Kamau K. Mason & Associates
3036 Woodrow Drive
Lithonia, Georgia 30038

This 16th day of September, 2021.


_____*/s/ Sun S. Choy*_____
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)