IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JAMES ANTWOHN GREEN and TYRESS DONTAE MATHIS, :<br>:<br>Plaintiffs, :<br>:<br>v. :<br>:<br>OFFICER LATAEVIA S. JACKSON, in his individual and official capacities, OFFICER THOMAS J. MOORE, in his individual and official capacities, and JOHN DOES (1–5), unknown Albany Police Officers, :<br>:<br>:<br>:<br>:<br>:<br>:<br>Defendants. :<br>_____: | CASE NO.: 1:21-CV-168 |

## ORDER

Before the Court is Defendants' Motion to Stay All Discovery (Doc. 5), Defendant Moore's Unopposed Motion for Leave to File Supplemental Brief (Doc. 7), and Plaintiffs' Motion for Additional Time to Submit Their Response to Defendants' Motion to Dismiss (Doc. 11). For the reasons stated below, all three motions are **GRANTED**.

## MOTION TO STAY

On September 23, 2021, Defendants Lataevia S. Jackson and Thomas J. Moore filed a Motion to Dismiss Plaintiffs' Complaint (Doc. 4) and a Motion to Stay All Discovery (Doc. 5). In the Motion to Stay, Defendants request the Court stay all discovery and discovery-related deadlines until Defendants' Motion to Dismiss is resolved. (Doc. 5-1 at 1). Plaintiffs James Antwohn Green and Tyress Dontae Mathis have not responded to Defendants' Motion to Stay. (*See* Docket).

District courts have broad discretion in determining whether to stay discovery and pretrial deadlines. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). The Eleventh Circuit has noted that immunity doctrines "protect[] government

officials . . . from having to bear the burdens attendant to litigation, including pretrial discovery." *Holmes v. Hale*, 701 F. App'x 751, 756 (11th Cir. 2017) (quoting *Blinco v. Green Tree Servicing, LLC*, 336 F.3d 1249, 1252 (11th Cir. 2004)). As a result, "discovery should not be allowed" until the court resolves questions of immunity. *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Defendants have moved to dismiss Plaintiffs' Complaint based on qualified and absolute immunities. (Doc. 4-1 at 7–18). Because determining whether Defendants are entitled to immunity may dispose of some or all of Plaintiffs' claims, a stay is appropriate. Further, Defendants are not required to file a responsive pleading until after the Court rules on the Motion to Dismiss. *See* Fed. R. Civ. Pro. 12(a)(4)(A); M.D. Ga. L.R. 26(A). Thus, a Rule 26 conference would be premature. Upon review and consideration, Defendants' Motion to Stay is **GRANTED**.

## MOTIONS FOR LEAVE AND ADDITIONAL TIME

On October 7, 2021, Lance Simon and Huiju Jeon filed, on behalf of the Acting United States Attorney for the Middle District of Georgia, an Entry of Appearance and Substitution of Counsel (Doc. 6) for Defendant Moore and a Motion for Leave to File Supplemental Brief (Doc. 7). In the Motion for Leave, Defendant Moore explains that counsel for Defendant Jackson was retained by the State of Georgia to represent both Defendants before this case was removed to federal court on September 16, 2021. (Doc. 7 at 1). At that time, counsel was unaware of Defendant Moore's status as a U.S. Marshals Service task force officer. (*Id.*). The U.S. Attorney's Office learned Defendant Moore was being represented by the State on September 23, 2021, and subsequently filed the Entry of Appearance and Substitution of Counsel at Defendant Moore's request. (*Id.* at 1–2).

Because the U.S. Attorney's Office entered the case after the Motion to Dismiss was filed, Defendant Moore requests an opportunity to file a supplemental brief to raise any additional federal defenses that may exist to the claims against him in his capacity as a task force officer for the U.S. Marshals Service. (*Id.* at 2). Defendant Moore represents Plaintiffs do not object to this request. (*Id.*).

On October 19, 2021, Plaintiffs filed a Motion for Additional Time to Submit their Response to Defendants' Motion to Dismiss (Doc. 11). Therein, Plaintiffs request the deadline for submitting a response to Defendants' Motion to Dismiss be extended to November 1, 2021. (*Id.* at 1). Plaintiffs represent Defendant Jackson does not object to this extension. (*Id.* at 1).

Upon review and consideration, Defendant Moore's Motion for Leave and Plaintiffs' Motion for Additional Time are **GRANTED**. For the sake of efficiency, Plaintiffs may file one response addressing both Defendants' Motion to Dismiss and Defendant Moore's supplemental brief.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay All Discovery (Doc. 5), Defendant Moore's Motion for Leave to File Supplemental Brief (Doc. 6), and Plaintiffs' Motion for Additional Time to File Their Response (Doc. 11) are **GRANTED**. Discovery, including the parties' obligations under Rule 26, is **STAYED** pending resolution of Defendants' Motion to Dismiss (Doc. 4). The amended briefing deadlines are as follows:

1. Defendant Moore's supplemental brief to Defendants' Motion to Dismiss must be filed no later than **Monday, November 1, 2021.**
2. Plaintiffs' response to Defendants' Motion to Dismiss and Defendant Moore's supplemental brief must be filed no later than **Monday, November 22, 2021.**
3. Defendants Jackson and Moore's reply must be filed no later than **Tuesday, December 7, 2021.**

**SO ORDERED**, this 29th day of October, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**